TOWN OF WAXHAW v. S. A. L. RAILWAY CO.

(Filed 2 May, 1928.)

**Municipal Corporations—Public Improvements—Assessments—City May Levy Assessments for Improvement of One Side of Street.**

An assessment levied for street improvements on abutting property owner, C. S., 2707, is not void on the ground that the assessment was for improving only one side of a street.

APPEAL by defendant from *MacRae, Special Judge,* at October Special Term, 1927, of UNION. No error.

*Vann & Milliken for appellant.*
*John C. Sikes and H. B. Adams for appellee.*

PER CURIAM. The defendant's right of way extends through the town of Waxhaw approximately in an eastern and western direction. Accord-

ing to the map filed in the cause, North Front Street, or North Main Street, is on the north side of the right of way and South Front, or South Main Street, on the south. In 1927 the State Highway Commission paved that part of the Jackson highway extending through the town along South Main Street. The pavement laid by the commission was 18 feet wide and on each side of it was an unpaved portion of the street about 11 feet in width. After this work had been completed or while in process of completion, certain property owners of the town, representing a majority of the owners and of all the lineal feet of frontage on the south side of South Main Street filed a petition with the governing authorities pursuant to the provisions of C. S., 2707, asking that a hard surface be laid on the area between the Jackson highway and the sidewalk on the south side. On 15 October, 1926, the commissioners passed a resolution providing for an assessment of the adjoining property on the south side of the street, and on 21 April, 1927, they passed a resolution assessing three-fourths of the cost of the improvement against the owners of property on the south side. The defendant owns a vacant lot abutting the improvement and filed objections to the confirmation of the assessment and insisted that the plaintiff had never acquired title or right to the use of the street in question and that the petition filed in the proceeding did not comply with section 2707. The objections were overruled, the defendant appealed to the Superior Court and upon the trial the only issue submitted to the jury was whether the way in front of the defendant's property on which an assessment had been levied was a public street of the town. The issue was answered in the affirmative and from the judgment of the court the defendant appealed assigning error. The insufficiency of the petition was not pressed.

The record contains several assignments of error but upon the argument the only objection seriously insisted upon by the defendant was that which related to the insufficiency of the judgment, the defendant contending that the commissioners of the town were not authorized to levy an assessment for paving only one side of the street. The plat on file indicates one street on the south side of the right of way and another on the north and it is insisted in the brief of the appellee that the two are recognized in the plan of the town as separate and distinct streets. However this may be, we are of opinion that section 2707 in express terms permits the authorities of the town to lay a hard surface on a part of a street as well as on the whole, and that there is nothing in the statute indicating that the "part thereof" necessarily excludes a lateral pavement and applies only to a cross section. The record shows that the only property abutting the north side of South Main Street is the defendant's right of way. Upon the entire record we find

No error.